UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FARAH BOUKAI *on behalf of themselves and all other persons similarly situated,*

                Plaintiffs,

-against-

GLASSES ARE US, INC., GLASSES ARE US 2 INC., ROMAN MOSTOVOY,

                Defendants.

Case No.: 1: 23-cv-2874

**COMPLAINT**

**COLLECTIVE ACTION**

The Plaintiff, FARAH BOUKAI ("Plaintiff" or "BOUKAI"), on behalf of himself and all others similarly situated, by his attorneys of record, Sacco & Fillas, LLP, complaining of GLASSES ARE US, INC., GLASSES ARE US 2 INC., ROMAN MOSTOVOY, (Collectively, "Defendants"), respectfully alleges, upon information and belief, as follows:

1. **NATURE OF THE COMPLAINT**

    1.    This is a wage and hour action brought on behalf of himself and all similarly situated employees to recover unpaid minimum and overtime wages, spread-of-hours pay, statutory damages, pre- and post-judgment interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), the New York Labor Law § 190, et seq. ("NYLL"), and the New York Wage Theft Prevention Act ("WTPA").

**II. JURISDICTION**

    2.    This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

**III. VENUE**

    3.    Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, as Defendant's businesses are located and operated by Defendants in the Eastern District of New

1

York.

## 2. PARTIES

### 2.1. Plaintiff FARAH BOUKAI

4. Plaintiff FARAH BOUKAI resides in Kings, New York.

5. Defendants employed Plaintiff BOUKAI from approximately June 2019, to approximately October, 2022.

### 2.2. Defendant GLASSES ARE US INC.

6. Defendant GLASSES ARE US INC. ("GLASSES") is a New York domestic business corporation, licensed to do business and doing business in the State of New York.

7. Defendant GLASSES designated itself as the service of process agent at 1010 Ave L, Brooklyn, NY, United States 11230.

8. Defendant GLASSES maintains a principal executive office address at 1010 Ave L, Brooklyn, NY, United States 11230.

9. GLASSES is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

10. GLASSES has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. In the three years preceding the filing of this Complaint, GLASSES has had an annual gross volume of sales in excess of $500,000.00.

12. At all times alleged herein, Defendant GLASSES was Plaintiff's employer within the meaning of the FLSA and NYLL. Defendant GLASSES had power to hire and fire Plaintiff, set Plaintiff's work schedules, direct, and supervise Plaintiff in his work, set Plaintiff's amount, rate and method of payment, and maintain payroll records concerning Plaintiff.

**2.3. Defendant GLASSES ARE US 2 INC.**

13. Defendant GLASSES ARE US 2 INC. ("GLASSES 2") is a New York domestic business corporation, licensed to do business and doing business in the State of New York.

14. Defendant GLASSES 2 designated itself as the service of process agent at 1010 Ave L, Brooklyn, NY, United States 11230.

15. Defendant GLASSES 2 maintains a principal executive office address at 1010 Ave L, Brooklyn, NY, United States 11230.

16. GLASSES 2 is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

17. GLASSES 2 has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

18. In the three years preceding the filing of this Complaint, GLASSES has had an annual gross volume of sales in excess of $500,000.00.

19. At all times alleged herein, Defendant GLASSES 2 was Plaintiff's employer within the meaning of the FLSA and NYLL. Defendant GLASSES 2 had power to hire and fire Plaintiff, set Plaintiff's work schedules, direct, and supervise Plaintiff in his work, set Plaintiff's amount, rate and method of payment, and maintain payroll records concerning Plaintiff.

**2.4. Defendant ROMAN MASTOVOY**

20. Upon information and belief, Defendant ROMAN MOSTOVOY ("MOSTOVOY") is a president of GLASSES.

21. Upon information and belief, Defendant MOSTOVOY is a principal of GLASSES.

22. Defendant MOSTOVOY owns the plot, piece, or parcel of land with the buildings and improvements erected thereon and situated and lying at 1010 Ave L, Brooklyn, NY, United

States 11230.

23. As the Chief Executive Officer, Defendant MOSTOVOY exercised operational control over GLASSES.

24. Throughout Plaintiff's employment, Defendant MOSTOVOY supervised the work of Plaintiff performed and that of all other similarly situated employees.

25. Throughout Plaintiff's employment, Defendant MOSTOVOY managed Plaintiff's work.

26. Defendant MOSTOVOY participated in hiring Plaintiff.

27. Defendant MOSTOVOY participated in paying Plaintiff.

28. Defendant MOSTOVOY had the authority to terminate Plaintiff.

29. Defendant MOSTOVOY participated in setting Plaintiff's work schedules.

30. Defendant MOSTOVOY participated in supervising Plaintiff.

31. Throughout Plaintiff's employment, Defendant MOSTOVOY, participated in determining Plaintiff's rate of pay.

32. Defendant MOSTOVOY exercised sufficient control over GLASSES's operations to be considered Plaintiff's employer under the FLSA and the NYLL.

33. At all times alleged herein, Defendant MOSTOVOY was Plaintiff's employer within the meaning of the FLSA and NYLL. Defendant MOSTOVOY had power to hire and fire Plaintiff, set Plaintiff's work schedules, direct, and supervise Plaintiff in his work, set Plaintiff's amount, rate and method of payment, and maintain payroll records concerning Plaintiff.

## 3. COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff BOUKAI brings the claims in this Complaint arising out of the FLSA on behalf of himself and all similarly situated employees who are current and former employees of Defendants since the date three years prior to the filing of this action who elect to opt-in to this

4

action (the "FLSA Collective").

35. The FLSA Collective consists of approximately employees who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them minimum and overtime wages.

36. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and NYLL. This pattern, practice, and/or policy includes, inter alia, the following:

   a. failing to keep accurate records of hours worked by the FLSA Collective as required by law; and,

   b. failing to pay the FLSA Collective minimum and overtime pay for all hours worked over forty.

37. Defendants have engaged in unlawful conduct by adhering to a corporate policy that minimizes labor costs by denying employees their compensation.

38. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to the FLSA Collective.

39. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through its records. Those similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

4. **FACTUAL ALLEGATIONS**

40. Throughout his employment, Plaintiff worked in several functions including opening the store, closing the store, selling products, stocking shelves, cleaning, organizing merchandise, and

helping customers.

41. From approximately June 2019 to October 2022 for Defendants.

42. Plaintiff worked approximately 54 hours per week, from 10 A.M. to 7 P.M. from Sunday through Thursday, and 10 A.M. to 3 P.M. on Fridays.

43. Defendants did not keep records regarding time that Plaintiff worked.

44. Plaintiff was paid $500 per week.

45. Plaintiff's pay rate did not change depending on the number of hours worked.

46. Plaintiff's pay did not increase if Plaintiff worked more hours.

47. Plaintiff's overtime rate of pay was $0.00.

48. Plaintiff was paid cash, but if the employer missed the weekly payment and owed Plaintiff for two weeks at the end of the month he would pay by check.

49. Plaintiff was not granted daily scheduled breaks.

50. Defendants did not keep accurate records of the number of hours Plaintiff worked each day.

51. Defendants did not keep accurate records of the number of hours Plaintiff worked each week.

52. Defendants did not keep accurate records of the arrival and departure by Plaintiff for each shift.

53. Defendants did not keep accurate records of the regular wages Plaintiff earned.

54. Defendants did not keep accurate records of the overtime wages Plaintiff worked each day.

55. Plaintiff was not provided with any records of hours worked.

56. Defendant failed to provide a notice of pay rate with all information required in NYLL 195(1).

57. Defendant failed to provide a wage statement as required in NYLL 195(3).

58. Defendant failed to keep payroll records of time worked and wages paid.

59. Defendant failed to post required notices / Minimum Wage Posters.

60. In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiffs' interest in ensuring proper pay. Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. See N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

61. Here, Defendants' failure goes beyond generating a risk of harm to Plaintiff. Defendants' failure to provide paystubs listing all hours and rates of pay, including overtime hours and overtime rates, deprived employees of the ability to contest Defendants' calculations, allowed Defendants to hide their wrong-doing, and necessitated the current litigation to vindicate Plaintiff's rights. This conduct ensured Defendants' ability to further delay providing proper compensation to low wage earners entitled to protection under federal and state law. Moreover, Defendants failure to provide wage notices allowed Defendants to hide the proper frequency of pay to employees. Defendants' failure to provide a wage notice to employees allowed Defendants to hide their responsibility and deprive employees of timely compensation.

62. Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to hide their wrongdoing from employees, and

7

continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to provide NYLL notices results in delayed payment of all proper wages owed to Plaintiff.

5. **<u>FIRST CLAIM – New York Labor Law – Unpaid Minimum Wages</u>**

63. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

64. The NYLL requires that employers pay employees a minimum wage for the first forty hours worked in a workweek.

65. Defendants are Plaintiff's employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor ("NYDOL") Regulations.

66. The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to Defendants.

67. Defendants failed to pay Plaintiff and other similarly situated employees the minimum wages to which they were entitled to under the NYLL and its supporting regulations.

68. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff the correct minimum hourly wage.

69. As a result of Defendants' violations of the NYLL, Plaintiff and other similarly situated employees are entitled to recover unpaid minimum wages, reasonable attorneys' fees and costs, liquidated damages, and pre- and post-judgment interest.

6. **<u>SECOND CLAIM – Fair Labor Standards Act – Unpaid Minimum Wage</u>**

70. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

71. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

72. Defendants were required to pay to Plaintiff and the FLSA Collective the applicable federal minimum wage rate.

73. Defendants failed to pay Plaintiff and the FLSA Collective the minimum wages to which they are entitled under the FLSA.

74. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of the FLSA Collective.

75. As a result of defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

**7. THIRD CLAIM - Fair Labor Standards Act - Unpaid Overtime Wages**

76. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

77. Defendants were required to pay Plaintiff and the FLSA Collective one and one-half (1 and 1/2) times their regular wage rate for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

78. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiff and the FLSA Collective.

79. Defendants failed to pay Plaintiff and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

80. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective the proper overtime wage rate.

81. Due to Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

**8. FOURTH CLAIM - New York Labor Law - Unpaid Overtime Wages**

82. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

83. Under New York State Department of Labor ("NYDOL") regulations, Defendants were required to pay Plaintiff and other similarly situated employees one and one-half (1 ½) times their regular rate of pay, which shall not be less than the minimum wage rate, for all hours worked in excess of forty per workweek.

84. Defendants failed to pay Plaintiff and other similarly situated employees the overtime wages to which they were entitled to under the NYLL and its supporting regulations.

85. Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Plaintiff and other similarly situated employees overtime wages.

86. Due to Defendants' willful violations of the NYLL, Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs, liquidated damages, and pre-judgment and post-judgment interest.

9. **FIFTH CLAIM - New York Labor Law - Unpaid Spread-of-Hours Pay**

87. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

88. Defendants willfully failed to pay Plaintiff and other similarly situated employees additional compensation of one hour of pay at the basic minimum hourly wage rate for each day during which their shifts spread over more than ten hours.

89. By Defendants' failure to pay Plaintiffs and other similarly situated employees spread-of-hours pay, Defendants willfully violated the NYLL Article 19, §§ 650, et seq., and the supporting New York State Department of Labor Regulations.

90. Due to Defendants' willful violations of the NYLL, Plaintiff and other similarly situated employees are entitled to recover an amount prescribed by statue, reasonable attorneys' fees and pre- and post-judgment interest, and liquidated damages.

10. **SIXTH CLAIM - NYLL Wage Theft Prevention Act - Failure to Provide Wage Statements**

91. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

92. The NYLL and the WTPA require employers to provide employees with an accurate wage statement each time they are paid.

93. Throughout Plaintiff's employment with Defendants, Defendants paid Plaintiff and other similarly situated employees without providing them a wage statement at the end of every pay period accurately listing, inter alia, the regular and overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of NYLL § 195(3).

94. Due to Defendants' violation of NYLL § 195(3), Plaintiff and other similarly situated employees are entitled to recover statutory damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL § 198(1-d).

## 11. SEVENTH CLAIM - NYLL Wage Theft Prevention Act - Failure to Provide Wage Notices

95. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

96. The NYLL and the WTPA, as well as the NYLL's interpretive regulations, such as but not limited to 12 N.Y.C.R.R. Part 146, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

97. Defendants failed to furnish Plaintiff and other similarly situated employees at the time of hiring, or whenever their rate of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage including tip, meal, or lodging allowances; the regular payday designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

98. Due to Defendants' violation of NYLL § 195(1), Plaintiff and other similarly situated employees are entitled to recover statutory damages, reasonable attorneys' fees, and costs of the action, pursuant to the NYLL § 198(1-b).

## 12. PRAYER FOR RELIEF

99. **WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment:

   a. authorizing the issuance of notice at the earliest possible time to all potential FLSA Collective members, composed of employees who were employed by Defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

   b. declaring that Defendants have violated the minimum wage and overtime wage provisions of the FLSA, the NYLL, and the NYDOL regulations;

   c. declaring that Defendants violated the spread-of-hours pay provision of the NYLL and NYDOL Regulations;

   d. declaring that Defendants violated the wage notice and wage statement provisions of the NYLL and WTPA;

   e. declaring that Defendants' violations of the FLSA and the NYLL were willful;

   f. awarding Plaintiff and other similarly situated employees who opt-in to this action damages for unpaid minimum wages;

   g. awarding Plaintiff and the FLSA Collective damages for unpaid overtime wages;

   h. awarding Plaintiff and other similarly situated employees who opt-in to this action unpaid spread-of-hours pay;

   i. awarding Plaintiff and other similarly situated employees who opt-in to this action statutory damages as a result of Defendants' failure to furnish them with wage

      notices and accurate wage statements pursuant to the NYLL and WTPA;

    j. awarding Plaintiff and the FLSA Collective liquidated damages in an amount equal to the total amount of wages found to be due pursuant to the FLSA;

    k. awarding Plaintiff and the FLSA Collective liquidated damages in an amount equal to the total amount of wages found to be due pursuant to the NYLL;

    l. awarding Plaintiff and other similarly situated employees who opt-in to this action pre-judgment and post-judgment interest under the NYLL;

    m. awarding Plaintiff and the FLSA Collective reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

    n. awarding such other and further relief as the Court deems just and proper.

## 13. **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff FARAH BOUKAI, demands a trial by jury in this action.

Dated: Astoria, New York  
        April 18, 2023

Respectfully submitted,

By: */s/ James Anthony Wolff*  
    James Anthony Wolff, Esq.  
    Sacco & Fillas LLP  
    3119 Newtown Ave, Seventh Floor,  
    Astoria, NY 11102  
    JWolff@saccofillas.com  
    Ph: 718-269-1627

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER
## LIABILITY FOR SERVICES RENDERED

**TO**: GLASSES ARE US, INC., and GLASSES ARE US 2 INC.

**PLEASE TAKE NOTICE THAT** pursuant to the provisions of Section 630 of the Business Corporation Law of New York and Section 609 of the Limited Liability Company Law of New York, you are hereby notified that the Plaintiff, FARAH BOUKAI and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders and/or members of GLASSES ARE US, INC., and GLASSES ARE US 2 INC. for all debts, wages, and/or salaries due and owing to them as laborers, servants, and/or employees of the said corporation/LLC for services performed by them for the said corporation/LLC within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf

Dated: Astoria, New York
April 18, 2023

Respectfully submitted,

By: */s/ James Anthony Wolff*
James Anthony Wolff, Esq.
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor,
Astoria, NY 11102
JWolff@saccofillas.com
Ph: 718-269-1627

## DEMAND BY EMPLOYEE TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

TO: GLASSES ARE US, INC., and GLASSES ARE US 2 INC.

PLEASE TAKE NOTICE, that FARAH BOUKAI and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated Astoria, New York
April 18, 2023

SACCO & FILLAS LLP

By: */s/ James Anthony Wolff*
James Anthony Wolff, Esq.
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor,
Astoria, NY 11102
JWolff@saccofillas.com
Ph: 718-269-1627

## CONSENT TO SUE

## REQUEST TO BECOME A PARTY-PLAINTIFF

     I hereby consent to become a party plaintiff in an action to recover unpaid overtime, and other relief under the Fair Labor Standards Act.  (Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)

Name/Nombre: **Farah boukai**

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature/Firma: *Farah boukai (Dec 12, 2022 21:14 EST)*    Date/Fecha: **Dec 12, 2022**

# Retainer and consent to sue

Final Audit Report                                              2022-12-13

| | |
|---|---|
| Created: | 2022-11-18 |
| By: | Clifford Tucker (ctucker@saccofillas.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAZlwgAZYf9wXLhw74NvAdGjjEBr7MDZMH |

## "Retainer and consent to sue" History

- Document created by Clifford Tucker (ctucker@saccofillas.com)
  2022-11-18 - 8:11:42 PM GMT

- Document emailed to fredboukai@gmail.com for signature
  2022-11-18 - 8:12:37 PM GMT

- Email viewed by fredboukai@gmail.com
  2022-11-18 - 8:15:04 PM GMT

- New document URL requested by fredboukai@gmail.com
  2022-12-08 - 11:03:15 AM GMT

- Email viewed by fredboukai@gmail.com
  2022-12-08 - 10:04:52 PM GMT

- Signer fredboukai@gmail.com entered name at signing as Farah boukai
  2022-12-13 - 2:14:35 AM GMT

- Document e-signed by Farah boukai (fredboukai@gmail.com)
  Signature Date: 2022-12-13 - 2:14:37 AM GMT - Time Source: server

- Agreement completed.
  2022-12-13 - 2:14:37 AM GMT

Adobe Acrobat Sign